876 So.2d 598 (2004)
L.R.D., JR., A Child, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-2156.
District Court of Appeal of Florida, Fifth District.
June 4, 2004.
James B. Gibson, Public Defender, and Brynn Newton, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Allison Leigh Morris, Assistant Attorney General, Daytona Beach, for Appellee.
THOMPSON, J.
L.R.D., Jr., a minor, appeals an order adjudicating him delinquent of possession of less than 20 grams of marijuana. We affirm because the trial court properly denied L.R.D.'s motion to suppress.
Police officers took L.R.D. into custody because they believed he was truant. In addition, the officers checked a truancy center's computer records and found that L.R.D. was listed as a truant. In searching L.R.D. in preparation for taking him to a truancy center, the officers found marijuana in L.R.D.'s pocket. Contrary to the computer records, it appears that in fact L.R.D.'s absence from school was authorized, and he contends that the marijuana should have been suppressed because there was invalid information on the computer.
We conclude that the trial court properly denied the motion to suppress because the officers had probable cause to take L.R.D. into custody, exclusive of the computer information. A child may be taken into custody by a law enforcement officer "when the officer has reasonable grounds to believe that the child is absent from school without authorization or is suspended or expelled and is not in the presence of his or her parent or legal guardian, for the purpose of delivering the child without unreasonable delay to the appropriate school system site." § 984.13(1)(b), Fla. Stat. (emphasis supplied). Here, the police found L.R.D. talking to a young woman in a bus terminal, one of the truancy "hot spots." L.R.D. told the police officer that he was sixteen years old and not in school. L.R.D. was not in the presence of a legal guardian. Upon an initial check with the truancy center, the officer learned that L.R.D. was not registered as a student in Orange County. This gave the officers reasonable grounds to take L.R.D. into custody for truancy.
*599 The order denying L.R.D.'s motion to suppress is AFFIRMED.
PETERSON and MONACO, JJ., concur.